NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YINTAO YU,

        Plaintiff-Counter-Defendant -
Appellant,

  v.

SHUYI (SELENE) GAO,

        Defendant - Appellee,

BYTEDANCE, INC.,

        Defendant-Counter-Claimant -
Appellee.

No. 25-297

D.C. No.
3:23-cv-04910-SI

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted April 16, 2026
Phoenix, Arizona

Before: GRABER, HURWITZ, and DESAI, Circuit Judges.

Plaintiff Yintao Yu appeals the district court's entry of case-terminating

sanctions dismissing his complaint and granting a default judgment on Defendant

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

ByteDance Inc.'s counterclaims. We consider sua sponte whether this case is moot. In re Burrell, 415 F.3d 994, 997 (9th Cir. 2005). We dismiss Plaintiff's appeal as moot.

1. Plaintiff rendered his appeal moot by initiating and proceeding with arbitration, for example, by "working to select an arbitrator" and participating in an "ongoing" arbitration proceeding for over a year. As a result of Plaintiff's actions, we would be unable "to grant any effectual relief" to Plaintiff, should he prevail on appeal. Chafin v. Chafin, 568 U.S. 165, 172 (2013) (citation omitted); see id. (stating the standard for mootness); see also Kasza v. Browner, 133 F.3d 1159, 1172 (9th Cir. 1998) (explaining that a declaratory judgment action becomes moot when "the facts alleged, under all the circumstances," no longer "show that there is a substantial controversy" between the parties (citation omitted)). The parties' dispute concerned whether Plaintiff signed agreements with arbitration clauses and thus could be compelled to arbitrate his employment-related claims against ByteDance. That dispute no longer exists because Plaintiff submitted all his claims to arbitration and has continued to participate in arbitration. See Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1279 (9th Cir. 2006) (en banc) (explaining that a party waives its challenge to an arbitrator's authority by initiating and participating "extensively" in arbitration).

Plaintiff's argument about the potential collateral consequences of the district court's order is unavailing.  See In re Burrell, 415 F.3d at 999 (holding that the collateral consequences exception to mootness requires a showing that "there is a substantial controversy . . . of sufficient immediacy and reality" (citation omitted)).

2.  Where, as here, "the party seeking appellate relief" causes an appeal's mootness, we are not compelled to vacate the district court's order.  Pub. Utils. Comm'n of Cal. v. FERC, 100 F.3d 1451, 1461 (9th Cir. 1996) (emphasis omitted). Equity, "the touchstone of vacatur," "counsels against vacatur, when the appellant has by his own act caused the dismissal of the appeal."  In re Burrell, 415 F.3d at 999 (citations and internal quotation marks omitted).  The case was not moot when the district court entered its order, because Plaintiff's mere demand for arbitration days before the district court entered its order, without his later substantial participation, did not waive clearly his objection to arbitration.  See Nagrampa, 469 F.3d at 1279.  Accordingly, we decline to vacate the district court's order.

**APPEAL DISMISSED.**